IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD EARL COLLINS, ) | |
| ID # 1628695, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:11-CV-1404-P (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to exhaust state remedies.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 20, 2011. The respondent is Rick Thaler, Director of TDCJ-CID.

Petitioner was sentenced to probation for felony DWI in Cause No. F42536, in the 249th Judicial District Court of Johnson County, Texas, . (Petition (Pet.) at 10). On February 23, 2010, his probation was revoked by the trial court, and he was sentenced to ten years imprisonment. (Pet. at 2). Petitioner filed a direct appeal of this conviction, arguing that he was entitled to credit against the ten-year sentence for time he had spent serving an eight-year sentence for another DWI conviction while he was on probation in this case. *Collins v. State*, 318 S.W.3d 471 (Tex. App.–Amarillo, 2010). The state appellate court affirmed the judgment of the trial court in a published opinion on July 22, 2010. *Id*. Petitioner's petition for discretionary review was refused on November 3, 2010. *See* PD-1319-10. On March 11, 2011, Petitioner filed a state habeas

application that was dismissed by the Court of Criminal Appeals on April 27, 2011, because petitioner had not filed a time credit dispute resolution claim with the TDCJ. (Pet. at 4); *see Ex parte Collins*, WR-72,931-02 (Tex. Crim,. App. April 27, 2011); TEX. GOV'T CODE ANN. § 501.0081(b) (West 1999).

In his federal petition, petitioner asserts that he was denied due process and the right to a speedy trial when the trial court did not set hearings after he filed motions to revoke his own probation, that he has not been given proper credit on his sentence, and that he was denied effective assistance of counsel. (Pet. at 6-7).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity

to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, petitioner has not fairly presented all of the claims he raises in his federal petition to the Court of Criminal Appeals. While he did appeal his conviction and file a PDR, he did not raise most of these issues on direct appeal, and his state application was not addressed on its merits. The Court of Criminal Appeals has not had an opportunity to review all but one of the claims raised in his federal petition. His petition therefore contains unexhausted grounds for relief. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

Petitioner may exhaust his state court remedies by first seeking time credit relief with the TDCJ as required by state law. If he is denied relief, or if 180 days pass without a decision, he may file another state habeas application. *See Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000). Because petitioner is challenging the *trial judge's* decision not to give him credit towards his sentence rather than TDCJ's, it is not clear that a time credit dispute claim to the TDCJ may afford him any relief on his claim, if warranted. Regardless, the Texas Court of Criminal Appeals has ruled that this administrative claim is necessary before it will consider a state habeas application. Since the state habeas process is still available to petitioner, he has not shown that he can circumvent the exhaustion requirement, and his petition is subject to dismissal for failure to exhaust. *See* 28 U.S.C. § 2254(b)(1)(B).[1]

---

[1] Federal habeas petitioners are entitled to statutory tolling of the AEDPA one-year limitations period during the time that time credit disputes are pending with the TDCJ. *See Stone v. Thaler*, 614 F.3d 136 (5th Cir. 2010).

3

## III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 14th day of July, 2011.**

> IRMA CARRILLO RAMIREZ
> UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

> IRMA CARRILLO RAMIREZ
> UNITED STATES MAGISTRATE JUDGE